FILED
2026 Sep-08 AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT E

EAST BATON ROUGE PARISH C-783299
Filed Aug 27, 2026 3:25 PM CIV.D
Deputy Clerk of Court

| | |
|---|---|
| **JACK PYBURN, JAZMIN FERGUSON, JAMIL MUTTILIB, AMIYA JOYNER, RASHAD KING, MICHAEL ELEY, ANDREW BURNETTE, WYDETT WILLIAMS, KEENAN LANDRY, THOMAS MARSALA, PERCY DANIELS, JOSHUA "GREEDY" WILLIAMS, DAE'QUAN WRIGHT, DERRIAN FORD, ASIA NICHOLSON, ZXAVIAN HARRIS, CHANDLER JACKSON, PEITOK MACHAR, TJ HARDEN, BLAKE COTTON, ETHAN JOHNSON, ANTHONY TARJAE HANKERSON, JASMINE JONES, WEYLIN LAPUAHO, EMILEE BOYER, LUKE DRZEWIECKI, TRENT HENDRICK, BRYLAN GREEN, AVERY STRICKLAND HURST, SAM PISSIS, JUNIOR TUIHALAMAKA, DQ SMITH, DAN ROUZAN, JALIA LASSITER, PAYTN MONTICELLI, TRAE TOMLINSON, JOCELYN OLLIVIERRE, RYAN STARR, TREY THOMAS, CKELBY PHILIP GIVENS, KENNEDY BUNKER, AND PAUL MANNING.** | **NO. C-783299, DIV. D**<br><br>**19TH JUDICIAL DISTRICT COURT**<br><br>**PARISH OF EAST BATON ROUGE**<br><br>**STATE OF LOUISIANA**<br><br>________________________<br>**DEPUTY CLERK OF COURT** |

**VERSUS**

**NATIONAL COLLEGIATE ATHLETIC ASSOCATION, SOUTHEASTERN CONFERENCE, AND GREG SANKEY, SOLEY IN HIS ROLE AS COMMISSIONER OF THE SEC**

**FILED**________________________

**ORDER**

On this day, the Court considered Plaintiffs' First Amended Verified Petition for Temporary Restraining Order and Preliminary Injunction, with Request for Declaratory Relief and Permanent Injunction. The Court, having reviewed the verified petition, finds that the requirements of La. C. Civ. Pro. Art. 3603 for the issuance of a temporary restraining order [without notice] have been met; and, accordingly, this **TEMPORARY RESTRAINING ORDER** is hereby issued, as follows:

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' First Amended Verified Petition for a Temporary Restraining Order is **GRANTED.**

2. Defendants National Collegiate Athletic Association ("NCAA"), Southeastern Conference ("SEC"), Greg Sankey, in his capacity as Commissioner of the Southeastern Conference (collectively, "Defendants"), and their officers, agents, employees, representatives,

successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from enforcing NCAA Bylaw 12.6, or any other NCAA or SEC bylaw or rule, to preclude Plaintiffs from competing in NCAA Division I athletics during the 2026–2027 season on the basis that Plaintiffs have already competed in four seasons of competition.

3. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from prohibiting any Plaintiff from participating at any NCAA Division I institution during the 2026–2027 season on the basis that the Plaintiff did not enter the NCAA transfer portal or violated any SEC transfer rule.

4. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from prohibiting any Plaintiff from participating at any NCAA Division I institution during the 2026–2027 season on the basis that they played at a junior college prior to starting their NCAA careers and counting their first season of junior college competition against their years of NCAA eligibility and start of their eligibility clock;

5. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from prohibiting Plaintiffs from competing in SEC or NCAA Division I athletics during the 2026–2027 season based on any actions Plaintiffs took after the conclusion of their 2025-26 season, such as signing a professional contract, agent contract, or playing in a professional sporting event, so long as they terminate any such contract and repay any money they have received prior to playing in a collegiate game. **To be clear, it is the Court's intention to place Plaintiffs in the position they were in at the end of their last college sports season. As long as they would have been eligible to continue playing college sports in the following semester if they had a fifth year of eligibility, they are eligible today.**

6. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with are further temporarily restrained and enjoined from enforcing NCAA Bylaw 12.9.4.2 (the Rule of Restitution), the ghost transfer rule, and/or any SEC rule or proposed penalty against:

   a. Plaintiffs;

   b. Any NCAA member institution or coach for which Plaintiffs choose to compete during the 2026–2027 season; and

   c. Any NCAA member institution or coach that competes against Plaintiffs.

7. The NCAA is ordered to open the transfer portal for all Plaintiffs for one week from entry of this Order and, upon request of any Plaintiff, his/her NCAA member institutions shall immediately place such Plaintiff in the national transfer database without any other requirements or delay;

8. To the extent the NCAA and/or SEC believes it has another basis to declare a Plaintiff ineligible to compete in the 2026-27 season, the NCAA and/or SEC shall come before this Court and explain such reason through a motion seeking leave of this Court to declare any Plaintiff ineligible to play a collegiate sport in 2026-27

9. This Temporary Restraining Order shall remain in effect for ten days of the date of this order, unless extended by the Court in the manner provided for in La. Civ. Pro. Art. 3604.

10. The Court orders that Plaintiffs shall post a nominal bond in the amount of $________, pursuant to applicable law.

**IT IS FURTHER ORDERED** that Defendants appear and show cause on the 3rd day of September, 2026, at 11:00am o'clock a.m./p.m., at the 19TH Judicial District Courthouse, 300 North Blvd., Baton Rouge, Louisiana 70802, Courtroom 10C, why a Preliminary Injunction should not issue on the same terms set forth above.

THUS DONE AND SIGNED, this 28 day of August, 2026, at Baton Rouge, Louisiana.

JUDGE, 19TH JUDICIAL DISTRICT COURT

**PLEASE SERVE:**

**SOUTHEASTERN CONFERENCE**
2201 Richard Arrington Jr.
Blvd. N.
Birmingham, AL 35203

**GREG SANKEY**
Commissioner of the SEC
2201 Richard Arrington Jr.
Blvd. N.
Birmingham, AL 35203

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION**
**to be served via Article 1313 of the Louisiana Civil Code**