FILED
2026 Sep-08 AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT F

EAST BATON ROUGE PARISH C-783299
Filed Aug 27, 2026 3:25 PM CIV.D
Deputy Clerk of Court

JACK PYBURN, JAZMIN FERGUSON, JAMIL MUTTILIB, AMIYA JOYNER, RASHAD KING, MICHAEL ELEY, ANDREW BURNETTE, WYDETT WILLIAMS, KEENAN LANDRY, THOMAS MARSALA, PERCY DANIELS, JOSHUA "GREEDY" WILLIAMS, DAE'QUAN WRIGHT, DERRIAN FORD, ASIA NICHOLSON, ZXAVIAN HARRIS, CHANDLER JACKSON, PEITOK MACHAR, TJ HARDEN, BLAKE COTTON, ETHAN JOHNSON, ANTHONY TARJAE HANKERSON, JASMINE JONES, WEYLIN LAPUAHO, EMILEE BOYER, LUKE DRZEWIECKI, TRENT HENDRICK, BRYLAN GREEN, AVERY STRICKLAND HURST, SAM PISSIS, JUNIOR TUIHALAMAKA, DQ SMITH, DAN ROUZAN, JALIA LASSITER, PAYTN MONTICELLI, TRAE TOMLINSON, JOCELYN OLLIVIERRE, RYAN STARR, TREY THOMAS, CKELBY PHILIP GIVENS, KENNEDY BUNKER, AND PAUL MANNING.

NO. C-783299, DIV. D

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

VERSUS

NATIONAL COLLEGIATE ATHLETIC ASSOCATION, SOUTHEASTERN CONFERENCE, AND GREG SANKEY, SOLEY IN HIS ROLE AS COMMISSIONER OF THE SEC

FILED______________________

______________________________
DEPUTY CLERK OF COURT

**REQUEST FOR ORDER TO SHOW CAUSE**

On August 19, 2026, this court entered an order (the "TRO") enjoining, amongst other things:

> 5. Defendant NCAA, and its officers, agents, employees, representatives, successors, assigns, and all persons acting in concert or participation with it, are hereby temporarily restrained and enjoined from prohibiting Plaintiffs from competing in NCAA Division I athletics during the 2026-2027 season on the basis that Plaintiffs have signed a professional contract, or agent contract, or played in ~ professional sporting event, so long as they terminate any such contract and repay any money they have received prior to playing in a collegiate game.

In short, this Court entered an injunction against the NCAA placing athletes back in the position they were in when their eligibility expired under the old rules and forbidding the NCAA from excluding those athletes from competition based on any actions they took to move on with their lives given their lack of NCAA eligibility.

On August 24, 2026, the Southeastern Conference put out a statement saying, "Individuals who choose to leave college athletics, sign professional playing contracts, and compete

professionally should not then be permitted to return to college competition."[1] None of the Plaintiffs in this case "cho[]se to leave college athletics." Rather: (1) the NCAA told them they were out of eligibility; then (2) then on April 15, 2026, the NCAA announced it was reversing its rules in a way that would give them an additional year of eligibility; then (3) on or around April 27, 2026, the NCAA reversed itself again to exclude Plaintiffs from competition. The NCAA passed its final rule unfairly excluding Plaintiffs in late June 2026. Unsurprisingly, Plaintiffs moved on with their lives given their exclusion from the NCAA.

Then, last month, courts around the country began entering orders prohibiting the NCAA from excluding members of the Class of 2022 (like these Plaintiffs) from participation in a fifth year of college sports in 2026-27. Plaintiffs here also retained counsel came to this Court, which also entered an order enjoining the NCAA from utilizing its rules to prevent players from playing in 2026-27.

On August 25, 2026, the SEC changed its position on athletes who signed professional contracts. Rather than focusing on players who "***chose***" to leave college athletics, the SEC issued a statement attempting to stop <u>**all**</u> players who signed professional football or basketball contracts—including Plaintiffs—from playing college sports:


FOLLOWING MEETINGS WITH THE PRESIDENTS, CHANCELLORS, AND ATHLETICS DIRECTORS OF THE SOUTHEASTERN CONFERENCE, THE SEC WILL ENFORCE THE FOLLOWING POLICY:

AN SEC INSTITUTION IS NOT PERMITTED TO HAVE AN ATHLETE ON ITS ROSTER WHO HAS:

1. PREVIOUSLY DECLARED FOR THE NFL, NBA, OR WNBA DRAFT, AND DID NOT APPROPRIATELY WITHDRAW,

2. SIGNED A CONTRACT WITH AN NFL (OR OTHER PROFESSIONAL FOOTBALL LEAGUE), NBA/G-LEAGUE, OR WNBA (OR AFFILIATE) TEAM, OR

3. BEEN LISTED ON AN NFL (OR OTHER PROFESSIONAL FOOTBALL LEAGUE), NBA/G-LEAGUE, OR WNBA (OR AFFILIATE) ROSTER.

THE COMMISSIONER IS AUTHORIZED TO ENFORCE THIS EXPECTATION WITH PENALTIES AGAINST MEMBER INSTITUTIONS.

[1] https://www.espn.com/college-football/story/_/id/49716985/pro-athletes-not-return-college-competition.

Point 2 from the SEC is directly in violation of this Court's temporary restraining order. And the SEC is a "person[] acting in concert or participation with" the NCAA on eligibility issues as referenced in this Court's Order. Specifically, in approximately half a dozen filing around the country opposing athletes' requests for injunctive relief, the NCAA filed a "Declaration of Conference Commissioners," which included among its signatories Greg Sankey, Commissioner of the SEC. Ex. 1, Declaration of Conference Commissioners (the "Declaration"). At the NCAA's request, Mr. Sankey and the SEC stated, in pertinent part:

> "We submit this declaration in support of the NCAA's Opposition to Plaintiffs' Motion for Preliminary Injunction and in support of the NCAA's recent change to its eligibility rules on June 23, 2026." (Ex. 1 at 1)
>
> "Representatives from our Conferences were heavily involved in the DI Cabinet's extensive process for developing and thinking through the age-based Model." (Ex. 1 at 3).

The Declaration provides definitive proof that the SEC is a person "acting in concert or participation with" the NCAA on eligibility issues and participated in nationwide litigation on this topic on behalf of the NCAA.

Then, a few hours later, the SEC announced an intention to enforce its interconference transfer rule – a rule purely derivation of the NCAA's transfer portal rules, which had already been enjoined this Court. Specifically, the SEC rule requires players to enter the transfer portal "during their sport's regular transfer window" as set by NCAA rules. Of course, this Courts in enjoining the NCAA transfer rules for the Class of 2022, there would be no reason for a player to enter the transfer poral during the "regular transfer portal window" when the NCAA had declared them ineligible at that time.

Rather than telling the SEC, you must obey the Court order enjoining the unfair NCAA rules that you "were heavily involved in" creating, the NCAA allowed the SEC to continue its attempt to improperly circumvent this Court's order on August 26, 2026, when the SEC announced the following penalties for schools and coaches that allow certain Plaintiffs to play in the 2026-27 season based on order of this Court:

- Half-season suspension for head coaches;
- SEC voting privileges revoked on business matters for the school in violation of the rule;
- A fine of 50% of the school sport's annual budget;

- The right to levy other penalties by Greg Sankey and/or other SEC presidents/chancellors if necessary.[2]

Theses draconian penalties have the effect of making it impossible for Plaintiffs to play for any SEC school in the 2026-27 year despite this Court's order based on new rules the SEC created – as mirrors of the NCAA rules this Court enjoined last week. They also violate the Louisiana Constitution by effectively denying Plaintiffs access to the courts.

As a result, Plaintiffs ask this Court to enter an order to show cause as to why the NCAA should not be held in contempt for the SEC's attempt to institute its own rules mirroring NCAA rules enjoined by this Court to prevent certain Plaintiffs in this lawsuit from playing college sports in 2026-27.

Wherefore, Plaintiffs ask the Court to enter an Order requiring the NCAA to appear before this Court on Thursday, September 3, 2026 at 11:00am o'clock, ___m. and show cause why it should not be held in contempt of Court for the violation of this Court's Order by the SEC, a person acting in concert and/or participation with the NCAA.[3]

THUS DONE AND SIGNED, this 28 day of August, 2026, at Baton Rouge, Louisiana.

JUDGE, 19TH JUDICIAL DISTRICT COURT

**PLEASE SERVE:**

**SOUTHEASTERN CONFERENCE**
2201 Richard Arrington Jr.
Blvd. N.
Birmingham, AL 35203

**GREG SANKEY**
Commissioner of the SEC
2201 Richard Arrington Jr.
Blvd. N.
Birmingham, AL 35203

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION**
**to be served via Article 1313 of the Louisiana Civil Code**

---

[2] https://www.on3.com/teams/kentucky-wildcats/news/sec-finalizes-harsh-penalties-for-rostering-former-pros/.

[3] Because the SEC was not a party to the TRO, Plaintiffs do not seek to hold the SEC in contempt at this time. However, Plaintiffs have added both the SEC and its Commissioner as Defendants to the lawsuit today and seek injunctive relief against them via a separate motion.

Respectfully submitted this 27th day of August, 2026.

Respectfully submitted,

/s/ A.M. "Tony" Clayton

A.M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
Michael C. Hendry (#35819)
Brillian P. Clayton (#36829)
Keondra K. Riley (#38386)
Chandler C. Agee (#39779) and

and

Ryan Downton (*Pro Hac* Forthcoming)
Texas Bar No. 24036500
The Texas Trial Group
500 PR-693, Ste. 30
Dorado, PR 00646*
Phone: 512-680-7947
Ryan@TheTexasTrialGroup.com
*Ryan Downton is licensed in Texas, not Puerto Rico

and

THE PEPER LAW FIRM, P.A.
Mark A. Peper, Esq. (*Pro Hac* Forthcoming)
548 Savannah Highway
Charleston, South Carolian 29407
Phone: (843) 225-2520
Fax: (843) 225-2554
mark@peperlawfirm.com

***Attorneys for Plaintiffs***