FILED
2026 Sep-08 AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT G

**JAZMIN FERGUSON, JAMIL MUTTILIB, AMIYA JOYNER, RASHAD KING, MICHAEL ELEY, ANDREW BURNETTE, WYDETT WILLIAMS, KEENAN LANDRY, THOMAS MARSALA, PERCY DANIELS, JOSHUA "GREEDY" WILLIAMS, DAE'QUAN WRIGHT, DERRIAN FORD, ASIA NICHOLSON, ZXAVIAN HARRIS, CHANDLER JACKSON, PEITOK MACHAR, TJ HARDEN, BLAKE COTTON, ETHAN JOHNSON, ANTHONY TARJAE HANKERSON, JASMINE JONES, WEYLIN LAPUAHO, EMILEE BOYER, LUKE DRZEWIECKI, TRENT HENDRICK, BRYLAN GREEN, AVERY STRICKLAND HURST, SAM PISSIS, JUNIOR TUIHALAMAKA, DQ SMITH, DAN ROUZAN, JALIA LASSITER, PAYTN MONTICELLI, TRAE TOMLINSON, JOCELYN OLLIVIERRE, RYAN STARR, TREY THOMAS, CKELBY PHILIP GIVENS, KENNEDY BUNKER, PAUL MANNING. AMANI GIVENS, CARMELIA MUCCILLI, QUINTRAVEOUS "TREY TAYLOR, MELVIN PRIESTLY, LEE AMEDEE IV, AMAREE ABRAM, AND RYLEY BOYNE**

**VERSUS**

**NATIONAL COLLEGIATE ATHLETIC ASSOCATION, SOUTHEASTERN CONFERENCE, AND GREG SANKEY, SOLEY IN HIS ROLE AS COMMISSIONER OF THE SEC**

**FILED________________________**

**NO. C-783299, DIV. D**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**________________________________**
**DEPUTY CLERK OF COURT**

**ORDER**

On this day, the Court considered Plaintiffs' Second Amended Verified Petition for Temporary Restraining Order and Preliminary Injunction, with Request for Declaratory Relief and

Permanent Injunction. The Court, having reviewed the verified petition, finds that the requirements of La. C. Civ. Pro. Art. 3601 and 3602 for the issuance of a preliminary injunction have been met; and, accordingly, this **PRELMINARY INJUNCTION** is hereby issued, as follows:

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Second Amended Verified Petition for a Preliminary Injunction is **GRANTED**.

2. The following orders apply to the Defendants National Collegiate Athletic Association ("NCAA") for all Plaintiffs. The following orders apply to the Southeastern Conference ("SEC") and Greg Sankey, in his capacity as Commissioner of the SEC ("Sankey"), as to all Plaintiffs other than Jamil Muttilib, Michael Eley, Andrew Burnette, Thomas Marsala, Asia Nicholson, Peitok Machar, Jasmine Jones, Sam Pissis, DQ Smith, Dan Rouzan, Trae Tomlinson, Carmelia Muccilli, Lee Amedee, IV, Ryley Boyne, and Ckelby Philip Givens.

3. Defendants NCAA, SEC, and Sankey (collectively, "Defendants"), and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from enforcing NCAA Bylaw 12.6, or any other NCAA or SEC bylaw or rule, to preclude Plaintiffs from competing in NCAA Division I athletics during the 2026–2027 season on the basis that Plaintiffs have already competed in four seasons of competition.

4. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from prohibiting any Plaintiff from participating at any NCAA Division I institution during the 2026–2027 season on the basis that the Plaintiff did not enter the NCAA transfer portal or violated any SEC transfer rule.

5. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from prohibiting any Plaintiff from participating at any NCAA Division I institution during the 2026–2027 season on the basis that they played at a junior college prior to starting their NCAA careers and counting their first season of junior college competition against their years of NCAA eligibility and start of their eligibility clock;

6. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with them, are hereby temporarily restrained and enjoined from prohibiting Plaintiffs from competing in SEC or NCAA Division I athletics during the 2026–2027 season based on any actions Plaintiffs took to participate in or market themselves for participation in professional athletics after the conclusion of their 2025-26 season, such as signing a professional contract, agent contract, or playing in a professional sporting event, so long as they terminate any such contract and repay any compensation they have received prior to playing in a collegiate game. **To be clear, it is the Court's intention to place Plaintiffs in the position they**

**were in at the end of their last college sports season. As long as they would have been eligible, academically and otherwise, to continue playing college sports in the following semester if they had a fifth year of eligibility, they are eligible today.**

7. Defendants, and their officers, agents, employees, representatives, successors, assigns, members, and all persons acting in concert or participation with are further temporarily restrained and enjoined from enforcing NCAA Bylaw 12.9.4.2 (the Rule of Restitution), the ghost transfer rule, and/or any SEC rule or proposed penalty against:

   a. Plaintiffs;

   b. Any NCAA member institution or coach for which Plaintiffs choose to compete during the 2026–2027 season; and

   c. Any NCAA member institution or coach that competes against Plaintiffs.

8. The NCAA is ordered to open the transfer portal for all Plaintiffs for one week from entry of this Order and, upon request of any Plaintiff, his/her NCAA member institutions shall immediately place such Plaintiff in the national transfer database without any other requirements or delay;

9. Further, as a person in concert with the NCAA and SEC, Louisiana State University ("LSU") is restrained and enjoined from take any action adverse to ____list all LSU athletes___, or any other Plaintiff in this case who enrolls as a student at LSU.

10. This Preliminary Injunction shall remain in effect until trial of this case.

11. The Court orders that Plaintiffs shall post a nominal bond in the amount of $________, pursuant to applicable law.

The Court will issue a written opinion explaining its ruling within 10 days.

THUS DONE AND SIGNED, this _____ day of September, 2026, at Baton Rouge, Louisiana.

________________________________

JUDGE, 19TH JUDICIAL DISTRICT COURT