FILED
2026 Oct-22 PM 01:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SOUTHEASTERN CONFERENCE,<br><br>Plaintiff,<br><br>v.<br><br>WADE ROUSSE, in his official capacity as President of Louisiana State University, *et al.*,<br><br>Defendants. | ) | Case No.: 2:26-cv-01586-ACA<br><br>OPPOSED |

**PLAINTIFF SOUTHEASTERN CONFERENCE'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff Southeastern Conference (the "SEC" or the "Conference") files this motion to address the suggestion in Defendants' "Reply in Support of their Motion to Dismiss" (ECF No. 32) that "key SEC citations (Opp. 14 & n.2) appear to be ***negligently supplied or hallucinated***." ECF No. 32 at 7 (emphasis added). That suggestion is baseless, inflammatory, and wholly improper. Left unaddressed, the suggestion that the SEC or its counsel has submitted hallucinated citations is scandalous, could easily be misinterpreted and improperly repeated in press reports, and is professionally insulting to the SEC's counsel.

The SEC therefore respectfully moves to strike the second sentence in Section II of Defendants' Reply, including footnote 7, where these groundless assertions are advanced. Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading .

. . any redundant, immaterial, impertinent, or scandalous matter" either on its own or on a party's timely motion. Defendants' suggestion that citations in the SEC's opposition brief were "negligently supplied or hallucinated" is utterly without merit and should be summarily stricken.

SEC conferred with counsel for Defendants on October 21, 2026, by telephone and requested that Defendants immediately withdraw the allegations in their Reply that "key SEC citations" were "negligently supplied or hallucinated" because that verbiage in effect accuses SEC counsel of violating Federal Rule of Civil Procedure 11. Defendants responded by email, stating that their accusations constitute "legitimate advocacy" and refusing to withdraw them. *See* **Ex. A**. On October 22, counsel for SEC notified defense counsel that their failure to withdraw the allegations has forced the SEC to seek relief from the Court through this Motion. *See id.*

In the alternative, the SEC respectfully requests leave to file a sur-reply addressing only Defendants' accusations regarding the citations in the SEC's opposition to Defendants' motion to dismiss (ECF No. 29).

## ARGUMENT

Defendants' accusations concern three citations. Counsel for the SEC carefully reviewed each of the cases cited. The cites are valid, and the cases support the SEC's argument. Defendants' suggestion that the cases were hallucinated extends

well beyond the bounds of acceptable advocacy and should be stricken from the public record.

***Molecular Pathology***

Defendants first attack the SEC's citation of *Ass'n for Molecular Pathology v. U.S. Pat. & Trademark Off.*, 669 F. Supp. 2d 365, 394–96 & n.24 (S.D.N.Y. 2009). The Conference's *Molecular Pathology* citation includes an explanatory parenthetical that reads: "holding that the contacts of an official's department are imputed to the official for purposes of personal jurisdiction." ECF No. 29 at 14 n.2. Defendants provide the following parenthetical quotation in response: "When confronted with the issue of specific personal jurisdiction over a non-forum state official, courts routinely examine *the contacts of the state officials in their capacity as representatives of the state* .... In light of the foregoing, the question of jurisdiction over the Directors should be resolved *based upon the Directors' contacts* ...." ECF No. 32 at 7 n.7. But Defendants distort the quotation by cutting off the end of the second quoted sentence. Restated in full, that sentence reads: "In light of the foregoing, the question of jurisdiction over the Directors should be resolved based upon the Directors' contacts, **as representatives of the state, with New York**." 669 F. Supp. 2d at 395–96 (emphasis added).

The full quotation above, along with its context, confirms that *Molecular Pathology* supports the SEC's position as it relates to this Court's personal

jurisdiction over the Defendants. The court in *Molecular Pathology* recognized that "an official capacity action is, in all but name, a suit against the governmental entity" and that "official capacity defendants may assert only those defenses available to the governmental entity, rather than those available to the defendant as an individual." *Id.* at 394 (citations omitted). The court contrasted a state official's contacts with the forum on behalf of the state with contacts in the official's "individual capacity." *Id.* (citations omitted). In other words, it is the state's contacts, through its officials, that matter, not those of any individual official. In a footnote, the court also rejected an argument against imputing a state's contacts to its officials, explaining that one of the cases on which the defendants relied "does not establish that the contacts of the official's department are not imputed to her as an official defendant for purposes of personal jurisdiction." *Id.* at 394 n.24.

Most damning to Defendants' mischaracterization of the SEC's citation as "negligently supplied or hallucinated," a federal court has likewise cited and described *Molecular Pathology* as a case where "whether an individual official had personal contact with the forum state was not necessary to a determination that the court had jurisdiction" because jurisdiction "for officials sued in a representative capacity arose ***from the conduct of their state or agency***." *Gingras v. Rosette*, No. 5:15-CV-101, 2016 WL 2932163, at *9 (D. Vt. May 18, 2016) (emphasis added). The absence of any basis for Defendants' accusation that the SEC's citation of

*Molecular Pathology* was "negligently supplied or hallucinated" is thus further demonstrated by the *Gingras* court's essentially identical summary of *Molecular Pathology*.

***Great Western United***

Defendants' accusation regarding the SEC's citation of *Great W. United Corp. v. Kidwell*, 577 F.2d 1256, 1267–69 (5th Cir. 1978), is equally unfounded. The SEC's explanatory parenthetical for its citation of *Great Western United* reads: "holding that a Texas court had personal jurisdiction over Idaho officials because of *Idaho's* contacts with Texas." ECF No. 29 at 14 n.2. To attack that citation, Defendants supplied the following parenthetical quotation from *Great Western United*: "The question is whether due process permits a court in Texas to exercise jurisdiction over *the Idaho official who has enforced the Idaho takeover law* .... [T]he Idaho official[] regulated a corporation that acts in the Northern District of Texas .... [and the effects] are more than sufficient to satisfy the minimum contacts requirement." ECF No. 32 at 7 n.7. Defendants' citation ignores the court's actual analysis in *Great Western United*.

In *Great Western United*, an Idaho statute, as enforced by regulating officials, caused adverse effects on a corporation based in Texas. 577 F.2d at 1267. The effects of the Idaho statute and regulations, along with Idaho state actors' conduct to enforce the statute and regulations, were "more than sufficient to satisfy the minimum

contacts requirement." *Id.* The court relied on the "effects felt in Texas as a result of ***Idaho's*** regulation of Great Western's tender offer" and stated that "***Idaho's*** out-of-state regulation had the direct effect of stopping a substantial commercial venture based in Texas." *Id.* at 1267–68 (emphases added). The court also observed: "***Idaho's*** 'business' is to regulate. ***It*** was conducting that business in Texas." *Id.* at 1268 (emphases added).

And as with *Molecular Pathology*, the SEC's citation to this case is further supported by *Gingras*. The court in *Gingras* identified it, along with *Molecular Pathology*, as part of a "line of authority" that "looks to contacts between the forum and the defendant state or tribe." *Gingras*, 2016 WL 2932163, at *9. "In these cases," the court continued, "whether an individual official had personal contact with the forum state was not necessary to a determination that the court had jurisdiction. Personal jurisdiction for officials sued in a representative capacity arose from the conduct of their state or agency." *Id.* Moreover, *Gingras* specifically recounted that *Great Western United* "held that specific jurisdiction existed in Texas over an Idaho official because of the effects of Idaho regulations on business conducted in Texas." *Id.* As *Gingras* confirms, the SEC's parenthetical description of *Great Western United* was wholly accurate.

***PTI***

Finally, Defendants' attack on the SEC's citation of *PTI, Inc. v. Philip Morris Inc.*, 100 F. Supp. 2d 1179, 1188–90 (C.D. Cal. 2000), is also baseless. The Conference's explanatory parenthetical for *PTI* reads: "similarly analyzing the contacts of other *states* with the forum." ECF No. 29 at 14 n.2. Defendants' citing parenthetical for *PTI* quotes language stating that "the minimum contacts *of [the state official] defendants* [were not] sufficient" and asserts that the SEC "misreads 'state defendants' in *PTI* to refer to actual states, when *PTI* defined that term as state enforcement *officials*." ECF No. 32 at 7 n.7.

Notwithstanding the court's definition of the term "state defendants," the analysis in *PTI* does not distinguish between particular officials and the state itself. Instead, the court considered whether "***each state*** has the necessary continuous and systematic contact with California" to determine if it had "general jurisdiction over the non-California state defendants." 100 F. Supp. 2d at 1189 (emphasis added). It likewise considered whether "each of the settling ***states and territories*** has created specific jurisdiction," observed that certain "member ***states*** do not enforce" the settlement agreement at issue, that plaintiffs failed to show that "each member ***state*** took" certain steps relevant to jurisdiction, and considered the impact on the jurisdictional analysis of the "fact that a ***state*** may apply to NAAG for discretionarily apportioned enforcement funds." *Id.* at 1189–90 (emphases added). Accordingly,

*PTI* "analyz[ed] the contacts of other *states* with the forum" just as the Conference's citation stated.

* * *

Defendants' suggestion that the SEC's citations to undisputedly real and applicable cases were "negligently supplied or hallucinated" is wholly inappropriate. As demonstrated above, each of the challenged citations accurately characterized the cited decision. Defendants' accusations are therefore due to be stricken as immaterial, impertinent, and scandalous matter. At a time when courts must address real and valid concerns regarding the misuse of artificial intelligence in court filings, accusations that implicate those concerns should not be made lightly or without foundation. The SEC therefore requests that the Court strike the second sentence in Section II of Defendants' reply, including footnote 7. In the alternative, the SEC respectfully requests leave to file a sur-reply addressing only Defendants' accusations regarding the citations in the SEC's opposition to Defendants' motion to dismiss (ECF No. 29).

Respectfully submitted this 22nd day of October, 2026.

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: */s/ Robert W. Fuller*
Robert W. Fuller*
N.C. Bar No. 10887
Amanda P. Nitto*
N.C. Bar No. 45158
Travis S. Hinman*
N.C. Bar No. 50779
600 S. Tryon Street, Ste. 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@rbh.com
anitto@rbh.com
thinman@rbh.com

Erik R. Zimmerman*
N.C. Bar No. 50247
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27516
Telephone: (919) 328-8800
Facsimile: (919) 328-8791
ezimmerman@rbh.com

* *Admitted pro hac vice*

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ R. Thomas Warburton*
R. Thomas Warburton
T. Brooks Proctor
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
twarburton@bradley.com
bproctor@bradley.com

*Attorneys for Plaintiff Southeastern Conference*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ R. Thomas Warburton*
OF COUNSEL