FILED
2026 Oct-23 PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

SOUTHEASTERN CONFERENCE,

PLAINTIFF,

v.

WADE ROUSSE, in his official capacity as President of Louisiana State University, et al.,

DEFENDANTS.

Civil Action No. 2:26-cv-01586-ACA

# DEFENDANTS' RESPONSE TO THE MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY

## RESPONSE

The Court should deny the SEC's Motion to Strike or, in the Alternative, Motion for Leave to File Sur-Reply, ECF No. 33. There is no question that the SEC made a mistake. Defendants recognize that this Court must make its own determination regarding whether the mistake reflects simple negligence or hallucinations. *See, e.g.*, *A Legal Practitioner's Guide to AI & Hallucinations*, Nat'l Ctr. for State Courts (Feb. 16, 2026), tinyurl.com/32hteyhz (noting that "[h]allucinations can appear as" "[d]istorted or misrepresented facts, quotations, holdings of cases, analysis, or standards," and as "[u]nsupported propositions of law"). But, as Defendants have assured the SEC, ECF No. 33-1 at 3, they do not seek sanctions for the mistake.

Because the SEC has not admitted its error, Defendants provide below the relevant context to aid the Court's resolution of the issue and this case.

1. Defendants' motion to dismiss argues that this Court cannot—as the SEC's Amended Complaint claims—assert personal jurisdiction over the LSU Board Defendants without identifying "an Alabama contact" for each such Defendant. ECF No. 27-1 at 15–16. That is important because the Amended Complaint incorrectly claims that the Court need only assert "personal jurisdiction over LSU [to secure] personal jurisdiction [over] 'LSU-affiliated Defendants in their official capacities.'" *Id.* at 15 (quoting ECF No. 5 at 11, ¶ 27).

In opposition, the SEC has taken the position asserted in its Amended Complaint—that it need not identify an Alabama contact by an LSU Board Defendant to secure personal jurisdiction over that Defendant. ECF No. 29 at 13–15. Instead, according to the SEC, all it needs to show is that *LSU itself* has an Alabama contact, and that (again, according to the SEC) establishes jurisdiction over each LSU Board Defendant even if they have no Alabama contacts. *See id.* Key to that position, the SEC asserts: "Other courts have agreed that the relevant contacts in an *Ex parte Young* lawsuit are those of the government entity." *Id.* at 14. Footnote 2 attached to that assertion cites three cases.

In reply, Defendants have explained that those cited cases "*reject* the in-line proposition that 'the relevant contacts ... are those of the government entity.'" ECF No. 32 at 7. Defendants included footnote 7, which provides parentheticals explaining that each cited case says a federal court must assess personal jurisdiction *based on the state official defendant's own forum contacts*. *Id.* n.7. Defendants did not—and could not—explain the reason for the SEC's error, but Defendants noted that the citations "appear to be negligently supplied or hallucinated" given that they contradict the SEC's in-line proposition. *Id.* at 7.

2. The SEC's motion digs its hole deeper. The SEC continues to insist that *Association for Molecular Pathology v. U.S. PTO*, 669 F. Supp. 2d 365 (S.D.N.Y. 2009), supports the SEC even though that case rejects the SEC's position: "the

question of jurisdiction over the Directors should be resolved based upon the Directors' contacts, **as representatives of the state, with New York**." ECF No. 33 at 3 (citation omitted) (emphasis the SEC's). The SEC emphasizes the case's distinction between an individual's forum contacts in her personal capacity versus in her official capacity, but the SEC misunderstands the point of that discussion: Only an individual's official-capacity contacts can establish personal jurisdiction over her in an official-capacity case. That is why the court emphasized that "courts routinely examine the contacts of the state officials in their capacity as representatives of the state, rather than their contacts with the forum in their individual capacity." 669 F. Supp. 2d at 394. The irreducible minimum, therefore, is that the state official defendant *must have a forum contact*—which squarely rejects the SEC's in-line proposition (ECF No. 29 at 14) that the Court can ask only whether "the government entity" has a forum contact.[1]

The SEC's handling of *Great Western United Corp. v. Kidwell*, 577 F.2d 1256 (5th Cir. 1978), pulls short quotations out of context. Recall that the question is does

[1] The SEC's citation (ECF No. 33 at 4) of a new, unpublished case is both improper and irrelevant. That decision conducted no analysis and characterized its cited cases in a way that is directly contrary to the holdings of those cases. *See Gingras v. Rosette*, 2016 WL 2932163, at *9 (D. Vt. May 18, 2016). But that decision does have the virtue of being right in one respect: its outright rejection of the SEC's position in this case. *See id.* (a tribe's "contacts with Vermont are not vicariously attributed to its officials any more than directors of a corporation are subject to suit personally in any forum where the actions of the corporation satisfy the minimum contacts test," and "the absence of contacts between Vermont and the Tribal Defendants means that these Defendants would not be subject to suit in a Vermont state court of general jurisdiction").

this case say "the relevant contacts in an *Ex parte Young* lawsuit are those of the government entity." ECF No. 29 at 14. The SEC characterizes the case as stating that "[t]he effects of the Idaho statute and regulations, along with Idaho state actors' conduct to enforce the statute and regulations, were 'more than sufficient to satisfy the minimum contacts requirement.'" ECF No. 33 at 5–6 (quoting *Great Western*, 577 F.2d at 1267). Here is what the full cited passage says:

> When *the Idaho officials*, through the Idaho takeover statute, asserted jurisdiction over the Great Western offer for Sunshine, *they* foreseeably caused efforts in Texas to comply with the Idaho state law. When *the Idaho officials* summarily delayed the effectiveness of Great Western's tender offer for Sunshine, *they* foreseeably restrained a corporation in Dallas from proceeding with its plans. In other words, *the Idaho officials* regulated a corporation that acts in the Northern District of Texas and through that regulation foreseeably changed the corporation's actions. These effects[,] effects with substantial consequences on important business plans[,] are more than sufficient to satisfy the minimum contacts requirement."

577 F.2d at 1267 (emphases added). That was all in rejecting the Idaho official's argument "that all his activity took place in Idaho." *Id.* at 1266.

The Fifth Circuit was unambiguous about the question presented: "whether due process permits a court in Texas to exercise jurisdiction over the Idaho official who has enforced the Idaho takeover law to prevent a Texas-based corporation from proceeding with a national tender offer." *Id.* at 1266.[2] And the Fifth Circuit was

[2] The Court may note the inconsistent uses of the phrases "Idaho official" and "Idaho officials." Two Idaho officials were sued in the case, but only one appealed—hence the Fifth Circuit's interchangeable use of the singular and the plural. *See* 577 F.2d at 1261 & n.1.

unambiguous about the inquiry relevant to that question: whether the sued Idaho officials had the requisite Texas contacts. Not, as the SEC represented, whether "*Idaho's* contacts" could suffice. ECF No. 29 at 14 n.2.

The SEC also emphasizes that the Fifth Circuit later referred to "*Idaho's* regulation," "*Idaho's* out-of-state regulation," and "*Idaho's* 'business.'" ECF No. 33 at 6. The paragraph containing those phrases is a reference back to the paragraph block-quoted above. 577 F.2d at 1267–68. In fact, it ends by emphasizing the court's focus on "the actions of Idaho's officials." *Id.* at 1268. And things get worse: The next paragraph emphasizes that all this is "affirmative action by Idaho officials causing foreseeable effects in Texas." *Id.* And worse still: "[T]he crucial conclusion ... [is] that the actions of the Idaho defendant under the Idaho takeover law ... amounted to regulation of Great Western's Texas-based business activities.... [W]e have concluded that *this extraterritorial regulation* provides the necessary contacts with Texas ...." *Id.* at 1270 (emphasis added). In other words, Defendants' position: The SEC must establish actual forum contacts by the LSU Board Defendants, not just "LSU's contacts with Alabama" (ECF No. 29 at 13), to assert jurisdiction over them. Even *Molecular Pathology* says this. *See* 669 F. Supp. 2d at 395 (recognizing that *Great Western* "examined the actions of the defendants as representatives of the state," "evaluat[ed] defendants' contacts with the forum," and "[o]n the basis of those contacts" exercised personal jurisdiction).

Turning to *PTI, Inc. v. Philip Morris Inc.*, 100 F. Supp. 2d 1179 (C.D. Cal. 2000), the SEC gives up entirely. Again, the question is whether this case says "the relevant contacts ... are those of the government entity." ECF No. 29 at 14. The SEC does not dispute the *PTI* court's conclusion: "Because plaintiffs have established neither general nor specific jurisdiction over *the non-California state defendants*, and because the exercise of jurisdiction would be unreasonable *even were the minimum contacts of those defendants sufficient*, the Court finds it lacks jurisdiction over those defendants." 100 F. Supp. 2d at 1190 (emphases added). Nor does the SEC dispute that "state defendants" is defined in the opinion to mean state officials. *Id.* at 1187. So, by definition, no this case does not say "the relevant contacts ... are those of the government entity." ECF No. 29 at 14.

* * *

Defendants do not know the reason for the SEC's error. All they know is that it reflects the SEC's profound misapprehension of its own cases. As noted above, however, Defendants do not seek sanctions for the error. ECF No. 33-1 at 3.

The SEC has identified no basis for striking any portion of Defendants' October 20 reply brief. And there certainly is no basis for permitting a sur-reply, which the SEC has already filed in the guise of a motion to strike. Defendants continue to believe that "[t]here is no good reason to waste this Court's time and resources." ECF No. 32 at 1. It should deny this motion and dismiss the case.

Dated: October 23, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Zachary Faircloth*
ZACHARY FAIRCLOTH (LA 39875)*
Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 421-4088
Facsimile: (225) 326-6795
FairclothZ@ag.louisiana.gov

Taylor, Porter, Brooks & Phillips L.L.P.
Robert W. Barton, Louisiana Bar #22936*
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: bob.barton@taylorporter.com

Bruce F. Rogers
BAINBRIDGE MIMS ROGERS & SMITH, LLP
600 Luckie Drive
Suite 415
Birmingham, Alabama 35223
Telephone 205-879-1100
Facsimile 205-879-4300
Email: brogers@bainbridgemims.com

*Counsel for Defendants*

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 23rd day of October, 2026.

*/s/ Zachary Faircloth*
Zachary Faircloth