FILED
2026 Nov-18 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

November 18, 2026

**<u>VIA ECF</u>**
Hon. Annemarie Carney Axon
Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

**Re: *Southeastern Conference v. Rousse*, No. 26-cv-1586**

Dear Judge Axon:

Media reports state that, at a hearing this morning, the Court ordered Defendants to publish "robust, heartfelt" press releases expressing regret and apologies for our briefing this case. I also understand that the Court has directed Defendants to submit these press releases for approval and edits by the Court. Assuming that reporting is accurate, I have directed my attorneys to submit this letter on my behalf explaining that Defendants cannot comply with this directive.

*First*, there does not appear to be a serious dispute that the SEC characterized certain cited cases as standing for propositions contrary to their actual holdings. *See* ECF 34. Our brief explained that the error could be the product of "negligen[ce]," ECF 32 at 7—or, because the SEC disclosed that it used artificial intelligence to write its brief, ECF 29 at 33 (certifying that "[t]his document was generated with the assistance of Harvey"), our brief explained that the mismatch between cited cases and characterizations could be a "hallucinat[ion]," ECF 32 at 7. This Court and others have offered the same explanation for cited cases that do not stand for their cited propositions. *See, e.g.*, *Johnson v. Dunn*, 792 F. Supp. 3d 1241, 1247 (N.D. Ala. 2025) (considering as the first example of a hallucination "an actual case" that did not stand for the cited proposition); *Cames v. Lowe's Home Ctrs., LLC*, 2026 WL 2056113, at *6 n.4 (M.D. Fla. July 16, 2026) (stating that "the misstatements of the holdings raises a suspicion of improper A.I. usage" and noting one of the

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

"hallmarks of A.I. hallucinations" is "real cases with unsupported propositions" (citation omitted)).[*] Because the SEC certified that it used artificial intelligence, our brief followed suit. It thus constitutes legitimate advocacy well within the bounds of zealous representation. We cannot apologize for zealous representation.

*Second*, as our briefing on compelled speech explains, ECF 32 at 8, Defendants—appointed and elected officials of a sovereign state sued in their official capacities—have a free speech right that flows from our constitutional structure. That right includes both the right to speak and the right not to speak. *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). In this regard, "[t]he compelled speech doctrine" prohibits government compulsion of speech—unless the government can satisfy strict scrutiny. *E.g.*, *McClendon v. Long*, 22 F.4th 1330, 1337–38 (11th Cir. 2022). Respectfully, the Court's directive that the State of Louisiana publish a particular message and submit to the Court's editing of that message violates basic free speech principles and does not satisfy strict scrutiny. As a result, my office cannot comply with this directive.

Although this Court lacks jurisdiction in this case, ECF 27-1 at 7–19, I have approved replacing ECF 32 by removing the words in question. I would also be grateful if the Court would relieve Defendants' local counsel of his role in this case (and waive the requirement for local counsel); he is an esteemed, highly respected attorney that should not suffer any collateral consequences of this issue.

*/s/Liz Murrill*
Liz Murrill
Attorney General

---

[*] *See 574 Hallucinated Court Cases in Six Months: Should We Be Worried?*, Lawdistrict (Sept. 7, 2026), lawdistrict.com/articles/ai-hallucinated-court-cases (analyzing hallucination statistics, noting that 26% of hallucinated items during one period "misrepresented real cases," and emphasizing that artificial intelligence can "claim that genuine decisions reached conclusions they never did").