FILED
2026 Nov-18 PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

through creative pleading" (cleaned up)). The SEC accidentally *acknowledges* this point. Opp.12 ("[The SEC] is asking the Court to protect the Conference's right to disassociate from LSU because of its refusal to follow the rules."). *Lavina* independently ends this case.

## II. THIS COURT LACKS PERSONAL JURISDICTION AND IS AN IMPROPER VENUE.

Given space constraints, Defendants add only two points to their opening brief. Mot.14–19. First, key SEC citations (Opp.14 & n.2) ~~appear to be negligently supplied or hallucinated because they~~ actually *reject* the in-line proposition that "the relevant contacts ... are those of the government entity"[7]—which confirms Defendants' point that the Court cannot assert personal jurisdiction over the Board Defendants who are not alleged to have Alabama contacts. Mot.15–16. Second, the SEC's assertion (Opp.16) that the Louisiana Attorney General "committed an intentional tort" in Alabama by filing a brief in Louisiana state court on Louisiana law should be rejected as outright absurd.

---

[7] *See Ass'n for Molecular Pathology v. U.S. PTO*, 669 F. Supp. 2d 365, 394–96 (S.D.N.Y. 2009) ("When confronted with the issue of specific personal jurisdiction over a non-forum state official, courts routinely examine *the contacts of the state officials in their capacity as representatives of the state* .... In light of the foregoing, the question of jurisdiction over the Directors should be resolved *based upon the Directors' contacts* ....") (emphases added); *Great W. United Corp. v. Kidwell*, 577 F.2d 1256, 1266 (5th Cir. 1978) ("The question is whether due process permits a court in Texas to exercise jurisdiction over *the Idaho official who has enforced the Idaho takeover law* .... [T]he Idaho official[] regulated a corporation that acts in the Northern District of Texas .... [and the effects] are more than sufficient to satisfy the minimum contacts requirement.") (emphasis added); *PTI, Inc. v. Philip Morris Inc.*, 100 F. Supp. 2d 1179, 1189–90 (C.D. Cal. 2000) (concluding that "the minimum contacts *of [the state official] defendants* [were not] sufficient") (emphasis added). The *PTI* parenthetical (Opp.14 n.2) misreads "state defendants" in *PTI* to refer to actual states, when *PTI* defined that term as state enforcement *officials*, 100 F. Supp. 2d at 1187.