FILED
2026 Nov-23 PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

SOUTHEASTERN CONFERENCE,

Plaintiff,

v.

WADE ROUSSE, in his official capacity as President of Louisiana State University, *et al.*,

Defendants.

Case No.: 2:26-cv-01586-ACA

**OPPOSED**

**PLAINTIFF SOUTHEASTERN CONFERENCE'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AMENDED COMPLAINT**

Plaintiff Southeastern Conference (the "SEC" or the "Conference") hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 15(d), for leave to file its Supplemental Amended Complaint in this action, which is attached as **Exhibit A** to this motion. This motion should be granted in the interests of justice in light of recent developments bearing directly on the SEC's claims and need for relief. In support of its motion, the SEC shows as follows:

1. Fed. R. Civ. P. 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

2. As the Eleventh Circuit has explained, "[a] supplemental pleading is an appropriate vehicle by which to 'set forth new facts in order to update the earlier

pleading, or change the amount or nature of the relief requested in the original pleading.'" *Lussier v. Dugger*, 904 F.2d 661, 670 (11th Cir. 1990) (quoting 6A C. Wright, A. Miller, & M. K. Kane, 4 *Federal Practice and Procedure* § 1504 at 177 (footnotes omitted)). Moreover, "[a]s with amended pleadings filed under Rule 15(a), the provisions of Rule 15(d) have been construed liberally by the courts." *Miss. Valley Title Ins. Co. v. Pro Abstract Co., Inc.*, No. 2:11-cv-446-CWB, 2022 WL 22985027, at *2 (M.D. Ala. Aug, 15, 2022).

3. Rule 15(d) "is intended to give the court broad discretion in allowing a supplemental pleading." *Chickasaw Marine Servs., LLC v. Ladnier*, No. 1:23-cv-232-TFM-C, 2024 WL 1621901, at *1 (S.D. Ala. Apr. 15, 2024) (quoting Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment). "[T]he standards that govern Rule 15(d) are essentially the same as those under Rule 15(a)." *Id.* at *2. Thus, "courts routinely apply Rule 15(a)'s 'freely given' standard to Rule 15(d) motions to supplement." *United States ex rel. McClain Contracting Co., Inc. v. Gray Ins. Co.*, No. CA 2:22-00034-C, 2023 WL 12173468, at *2 (S.D. Ala. Jan. 11, 2023) (citation omitted).

4. The Supplemental Amended Complaint that the Conference is seeking leave to file is necessary to update the SEC's First Amended Complaint and apprise the Court of facts and events that have occurred since the First Amended Complaint was filed and that directly speak to the SEC's need for a temporary restraining order

and preliminary injunction in this case. The SEC previously withdrew its Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6) but expressly "reserve[d] the right to seek such relief if and when necessary." ECF No. 29 at 30. Recent events have made it clear that this need has now arisen.

5. As set forth briefly below and in more detail in the attached Supplemental Amended Complaint, Defendants have expressly repudiated Louisiana State University's ("LSU") prior commitments and public statements to adhere to the SEC's Professionalism Rules. Instead, LSU has rostered and played a former professional athlete, RJ Luis Jr. Moreover, Defendants have supported and collaborated with Mr. Luis in his efforts to prevent the SEC from disassociating itself LSU as a result of its ongoing conduct that is directly contrary to the SEC's core values.

6. The SEC filed its First Amended Complaint on September 8, 2026. ECF No. 5. Defendants subsequently chose not to include professional players on LSU's football roster. In the hope that LSU's decision not to include professional players on its football roster reflected institutional control and was an indication that Defendants intended to comply with the SEC's Professionalism Rules, the SEC Presidents and Chancellors ("CEOs") did not take a vote on whether to terminate LSU's membership in the Conference.

7. In their October 20, 2026, reply brief in further support of their motion to dismiss this action (ECF No. 32), Defendants told this Court in no uncertain terms that it was "demonstrably false" that LSU planned to violate the Professionalism Rules with respect to Mr. Luis and that LSU's basketball program would, in fact, follow the SEC's rules. ECF No. 32 at 9.

8. In the past week, however, LSU reversed course. Its men's basketball team rostered a former professional basketball player, Mr. Luis, and allowed him to play for LSU in a regular season game against Louisiana-Monroe on November 18.

9. In addition, Mr. Luis has pursued litigation in Louisiana state court which he recently expanded to add the SEC and Commissioner Sankey as defendants. *See* **Ex. A** at ¶¶ 104, 110–11. In that litigation, the court granted Mr. Luis's request for an injunction prohibiting the SEC from penalizing LSU for violating the Conference's Professionalism Rules by rostering and playing Mr. Luis. *Id.* at ¶¶ 111, 118; Second Declaration of Greg Sankey, attached as Exhibit A to Supplemental Amended Complaint at pp. 334–35. In an affidavit submitted with his motion for a preliminary injunction in the Louisiana case, Mr. Luis stated that LSU and coach Will Wade (whom the Supplemental Amended Complaint adds as a defendant in his official capacity as Head Coach of LSU's men's basketball team) "supported" him in his lawsuit, further revealing Defendants' collaboration in efforts to prevent the SEC from disassociating itself from LSU. **Ex. A** at ¶¶ 112–13; Second

Declaration of Greg Sankey, attached as Exhibit A to Supplemental Amended Complaint at pp. 324–327.

10. The close coordination between Defendants and Mr. Luis was further demonstrated on November 19. That evening, one day after LSU reversed its prior public stance and played Mr. Luis in a regular season game, Defendant Rousse announced yet another reversal of course, stating that he had instructed Coach Wade not to play Mr. Luis going forward. **Ex. A** at ¶¶ 133. A few hours later, Mr. Luis's counsel announced to a Baton Rouge newspaper that Mr. Luis would "fall on the sword" in light of Defendant Rousse's instruction to Coach Wade and that Luis would withdraw a motion he had filed in his Louisiana state-court litigation to hold the SEC in contempt for allegedly violating the court's preliminary injunction by expressing disappointment in LSU's decision to play Mr. Luis. *Id.* at ¶ 134.

11. The choreographed nature of these events is additional evidence both of Defendants' collaboration with Mr. Luis and that Defendants' stance on whether they will abide by the SEC's Professionalism Rules is subject to change at any time.

12. As a result of LSU's actions, SEC CEOs have informally asked that the Conference's President and Commissioner schedule a meeting to consider LSU's actions and decisions and to hold a vote on the termination of LSU's membership.

13. Pursuant to notice properly given under Section 5.1 of the SEC Constitution contemporaneously with the filing of this motion, the SEC's CEOs will

conduct a Special Meeting of the Conference on December 3, 2026, to decide whether to terminate LSU as an SEC member institution pursuant to Section 3.1.5 of the SEC Constitution and Bylaws.

14. The Conference CEOs intend to hold the December 3 Special Meeting and consider termination of LSU's membership in the SEC regardless of whether LSU continues not to play Mr. Luis.

15. The events described above occurred after the SEC filed its First Amended Complaint and are critical developments directly impacting the issues in this case, including the SEC's need for a TRO and preliminary injunction. Justice accordingly requires that the SEC be permitted to file its Supplemental Amended Complaint pursuant to Rule 15(d).

16. The Supplemental Amended Complaint is not the product of any undue delay, as the events giving rise to the need for it occurred within the past week.

17. Nor will Defendants be unfairly prejudiced by the SEC supplementing its complaint to account for these developments. The case is still in its earliest stages, and the Court has not yet entered a scheduling order, making any prejudice to Defendants minimal. *See Chickasaw Marine*, 2024 WL 1621901, at *2 ("[T]his case is not so old that modifying the scheduling order would prejudice [the defendant] to the point that interest outweighs the good reasons given in the request to supplement."). Defendants' only substantive filing has been briefing its motion to

dismiss. Notably, that briefing included arguments resting on the premise that LSU's men's basketball team would **not** violate the SEC's professionalism rules by rostering and playing Mr. Luis, as it has now done. *See* ECF No. 32 at 4–6. Because Defendants' actions and subsequent conduct have changed critical facts on the ground, they will not be unfairly prejudiced by a supplemental complaint bringing those actions before the Court.

18. Conversely, the SEC would be severely prejudiced if it is not permitted to supplement its complaint to reflect the crucial factual developments of the past week, including LSU's decision to roster and play Mr. Luis and the consequences of that decision, such as the scheduling of a Special Meeting to consider the termination of LSU's membership in the SEC.

For the foregoing reasons, the SEC respectfully requests that it be permitted to supplement its complaint as set forth in **Exhibit A** hereto.

Respectfully submitted this 23rd day of November, 2026.

**ROBINSON, BRADSHAW & HINSON, P.A.**

By: */s/ Robert W. Fuller*
Robert W. Fuller*
N.C. Bar No. 10887
Amanda P. Nitto*
N.C. Bar No. 45158
Travis S. Hinman*
N.C. Bar No. 50779
600 S. Tryon Street, Ste. 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
rfuller@rbh.com
anitto@rbh.com
thinman@rbh.com

Erik R. Zimmerman*
N.C. Bar No. 50247
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27516
Telephone: (919) 328-8800
Facsimile: (919) 328-8791
ezimmerman@rbh.com

* *Admitted pro hac vice*

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ R. Thomas Warburton*
R. Thomas Warburton
T. Brooks Proctor
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
twarburton@bradley.com
bproctor@bradley.com

*Attorneys for Plaintiff Southeastern Conference*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ R. Thomas Warburton*
OF COUNSEL