FILED
2026 Nov-24 PM 05:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SOUTHEASTERN CONFERENCE,<br><br>PLAINTIFF,<br><br>v.<br><br>WADE ROUSSE, in his official capacity as President of Louisiana State University, et al.,<br><br>DEFENDANTS. | Civil Action No. 2:26-cv-01586-ACA |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SUPPLEMENTAL AMENDED COMPLAINT (ECF NO. 40-1)**

## INTRODUCTION

The Southeastern Conference (SEC) initiated this suit in September 2026 amid lawsuits all over the country involving both the SEC and the National Collegiate Athletic Association (NCAA). Defendants soon thereafter filed their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) (ECF No. 27) after material developments confirmed that the lawsuit was unwarranted when it was filed. The SEC has since filed a Motion for Leave to File Supplemental Amended Complaint and its Supplemental Amended Complaint (ECF No. 40 and 40-1), and its Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 41). The SEC's new allegations do not change the law, and the pending motion for preliminary relief should be denied.

That is principally because there is no Article III case or controversy. The SEC initially filed its suit and motion for preliminary relief primarily because of claimed fears over Louisiana State University (LSU) rostering certain football players or interfering with an SEC meeting on September 10. The players in question were not, in fact, rostered—and LSU's football roster is full and closed for the 2026–27 football season. The September 10 meeting came and went without a problem. The SEC now renews its motion for preliminary relief and has added Will Wade, in his capacity as the Head Men's Basketball Coach at LSU, as a Defendant. The SEC's new contentions and allegations revolve around the *Luis* injunction and LSU's

rostering and playing RJ Luis Jr. in a collegiate basketball game. LSU announced prior to the SEC's latest filing that it will no longer play Mr. Luis and has since removed him from the Men's Basketball roster. LSU has taken no actions to prevent the SEC from holding any meeting it is entitled to under the SEC bylaws, and further has not engaged in any actions to delay or block such a meeting.

Insofar as the SEC's renewed complaint is that the SEC suffers First Amendment harm from being forced to associate with LSU, that alleged harm is self-inflicted—and thus not cognizable under Article III. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). As the SEC acknowledges (ECF No. 5 at 2–3; ECF No. 40 at 5–6), the SEC has obvious available forms of relief in its bylaws. Any harm from continued association is not forced upon the SEC. Indeed, as only one member of a 16 member unincorporated association, LSU has no power to *force* the SEC to do *anything*. Article III does not countenance invoking federal jurisdiction based on self-inflicted harm. Whether on standing, mootness, or ripeness, Article III compels the dismissal of this suit—and the denial of the SEC's pending motion for preliminary relief. That is all the Court need say to dismiss this suit.

In all events, dismissal and denial are likewise warranted because the SEC cannot overcome other obvious jurisdictional obstacles to this suit. Each Defendant—including newly added defendant, Will Wade—is a state official sued in his or her official capacity, and thus cloaked with sovereign immunity. The SEC's

filings do not even attempt to explain how it can circumvent that immunity. For good reason: It cannot. Black-letter law holds that where a plaintiff sues a state official for "relief that amounts to 'specific performance of a contract to which the State was a party'"—here, "the Conference's Constitution and Bylaws," ECF No. 5 at 43, ¶ 113—the plaintiff cannot invoke the *Ex parte Young* exception to sovereign immunity. *Lavina v. Fla. Prepaid College Bd.*, 174 F.4th 49, 53 (11th Cir. 2026) (quoting *Edelman v. Jordan*, 415 U.S. 651, 667 (1974)). The SEC's attempt to use a federal court "to enforce its Constitution and Bylaws" is thus squarely barred by sovereign immunity. ECF No. 5 at 44, ¶ 117.

That immunity bar says nothing of the corresponding lack of personal jurisdiction over Defendants or proper venue. And it says nothing of the meritless freedom-of-association claim advanced by the SEC. The Court should dismiss the Amended Complaint and Supplemental Amended Complaint on any and all of these grounds and deny the pending motion for injunctive relief.

## ARGUMENT

### I. Defendants Adopt and Incorporate Their Pending Motion to Dismiss and Supporting Memorandum [ECF No. 27 and 27-1].

Defendants' Motion to Dismiss the First Amended Complaint and supporting memorandum (ECF Nos. 27 and 27-1) and their reply (ECF No. 32) are fully briefed and pending. Defendants adopt and incorporate those filings in full. They apply with

equal force to the Supplemental Amended Complaint ECF No. 40. In summary, dismissal is required because:

1. The SEC lacks Article III standing. Its only alleged injury is a "forced association" with LSU. But the SEC pleads that it alone holds the power to terminate LSU's membership, so any injury is self-inflicted ECF No. 27-1 at 7–9.

2. Alternatively, the SEC's claims are moot and unripe ECF No. 27-1 at 10–12.

3. Sovereign immunity bars the suit. The SEC seeks to enforce "its Constitution and Bylaws," which is relief *Ex parte Young* does not permit. No Defendant has authority over the SEC's membership vote ECF No. 27-1 at 12–14.

4. The Court lacks personal jurisdiction over Defendants, including LSU Men's Basketball Head Coach, Will Wade, and venue is improper ECF No. 27-1 at 14–19.

5. The SEC fails to state a First Amendment expressive-association claim, for five independent reasons ECF No. 27-1 at 19–24.

6. Injunctive relief is unwarranted for the same reasons. The requested injunction against state-court proceedings also conflicts with the Anti-Injunction Act and principles of comity and federalism ECF No. 27-1 at 24–25.

A supplemental pleading does not replace the pleading it supplements. It "operates as an extension of the Amended Complaint." *GRACE, Inc. v. City of*

*Miami*, 702 F. Supp. 3d 1263, 1273 (S.D. Fla. 2023). The pending motion therefore remains live. In any event, a court may treat a pending motion to dismiss as addressed to a later pleading where the claims are "the same or at least materially similar." *Glass v. City of Glencoe*, No. 4:17-CV-0026-JEO, 2017 WL 1407477, at *2, fn. 5 (N.D. Ala. Apr. 20, 2017). They are here. Leave to supplement is futile "when the claim, as amended, would still be subject to dismissal." *Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1126 (11th Cir. 2022).

## II. The SEC's New Allegations Do Not Change the Law.

The Supplemental Amended Complaint adds events from a single week in November. It does not add a new legal theory, a new claim, or a new kind of relief that cures any defect identified in Defendants' Motion to Dismiss ECF No. 27 and 27-1.

The claims are the same. Count I remains a First Amendment expressive-association claim. Count II remains a demand for injunctive relief resting on the same theory. Changing the sport from football to basketball does not change the law.

The injury is still self-inflicted. The SEC again pleads that its CEOs may terminate LSU's membership under Section 3.1.5 of the SEC Constitution and Bylaws. ECF No. 40-1 at 2–3. It has noticed a December 3 meeting to do so. The SEC also represents that the CEOs "intend to hold the December 3 Special Meeting

and consider termination of LSU's membership in the SEC regardless of whether LSU continues not to play Mr. Luis." ECF No. 40 at 6, ¶ 14. That concession confirms the SEC controls the association it complains of. No Defendant can compel it.

The alleged harm is still traceable to a third-party court, not to Defendants. The SEC again identifies a Louisiana state-court injunction, this time in Mr. Luis's case, as the obstacle to penalizing LSU. ECF No. 40 at 4, ¶ 9. That is the independent action of a third party not before this Court. Insofar as the *Pyburn* and *Luis* injunctions are the basis for this lawsuit, that confirms that the SEC lacks Article III standing to sue Defendants.

The conduct the SEC challenges has stopped. On November 19, President Rousse instructed Coach Wade not to play Mr. Luis. ECF No. 40-1 at 49, ¶ 133. When Defendants rostered Mr. Luis, it did so based on Donald Price's November 16, 2026 email assuring that the "SEC will abide by the terms of the preliminary injunction while it remains in place and will not impose penalties or fines on LSU if [it] places Mr. Luis on its men's basketball roster." ECF No. 40-1 at 74, ¶ 19; SEC Exhibit 9. This undercuts the SEC's argument that Defendants are some looming threat. Defendants only rostered MR. Luis based on the SEC's assurances.

In addition, immunity is unchanged. The Supplemental Amended Complaint still seeks to vindicate the SEC's Constitution and Bylaws against state officials sued

in their official capacities. Adding Coach Wade, another official-capacity state defendant does not alter that analysis.

Personal jurisdiction and venue are likewise unchanged. The SEC's personal-jurisdiction theory remains that LSU's contacts with Alabama can be attributed to the individual official-capacity Defendants. ECF No. 40-1 at 11–15 ¶¶ 28–39. The new events also occurred in Louisiana: the November 18 game, the Louisiana litigation, and the November 19 statement.

The "acting-in-concert-with" allegations add no legal theory. The SEC's allegations of concerted action with Mr. Luis are made "[u]pon information and belief." ECF No. 40-1 at 50, ¶ 137. They do not show that any Defendant compels the SEC to associate with anyone.

### III. The Court Should Resolve These Threshold Issues Before Addressing Any TRO.

Defendants' motion raises Article III standing, mootness, sovereign immunity, and personal jurisdiction. Those issues go to the Court's power to act and should be resolved before the Court considers any emergency relief. As the Supreme Court and the Eleventh Circuit have held, Article III generally requires a federal court to satisfy itself of its jurisdiction before it considers the merits of a case. *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998).

The same rule applies to preliminary relief. When jurisdiction is challenged in response to a request for preliminary relief, "the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 902 (11th Cir. 1984). The SEC cannot make that showing for the reasons in Defendants' Motion to Dismiss and accompanying memorandum in support (ECF Nos. 27 and 27-1), and nothing in the Supplemental Amended Complaint changes that. The Court should therefore rule on the pending motion to dismiss before it considers the SEC's renewed request for a temporary restraining order.

## CONCLUSION

The pending motion for injunctive relief should be denied, and this case should be dismissed.

Dated: November 24, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

ZACHARY FAIRCLOTH (LA 39875)*
Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 421-4088
Facsimile: (225) 326-6795
FairclothZ@ag.louisiana.gov

*/s/ Robert W. Barton*
Taylor, Porter, Brooks & Phillips L.L.P.
Robert W. Barton, Louisiana Bar #22936*
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: bob.barton@taylorporter.com

Bruce F. Rogers
BAINBRIDGE MIMS ROGERS & SMITH, LLP
600 Luckie Drive
Suite 415
Birmingham, Alabama 35223
Telephone 205-879-1100
Facsimile 205-879-4300
Email: brogers@bainbridgemims.com

*Counsel for Defendants*

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 24th day of November, 2026.

*/s/ Robert W. Barton*
Robert W. Barton