FILED
2026 Nov-24 PM 06:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| SOUTHEASTERN CONFERENCE,<br><br>PLAINTIFF,<br><br>v.<br><br>WADE ROUSSE, in his official capacity as President of Louisiana State University, et al.,<br><br>DEFENDANTS. | Civil Action No. 2:26-cv-01586-ACA |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## RESPONSE

Defendants respectfully oppose the SEC's Renewed Motion for Temporary Restraining Order and Preliminary Injunction, ECF 41; *see* ECF 41-1 (memo). They are contemporaneously filing a motion to dismiss the proposed Second Amended Complaint, which independently reiterates Defendants' longstanding position that this case should be dismissed. This opposition provides five brief explanations why the Court should deny (or limit) the SEC's request for a temporary restraining order and preliminary injunction.

1. Although the SEC's memorandum in support of its motion is lengthy, it never cites an evidentiary basis for the assumption undergirding the motion: that absent a restraining order or injunction, LSU would, by unspecified tactics, "deter, coerce, prevent, or punish the Conference for exercising its First Amendment right of free association, including considering the termination of LSU as an SEC member institution" at the December 3 meeting. ECF 41-1 at 5.

That silence is important because, as the Court is aware, the SEC and LSU already have gone down this road. In September, the SEC scheduled a meeting to consider terminating LSU's membership; the LSU President issued a statement emphasizing that "[a]t no point has LSU ever threatened to upset the meeting" and "to be clear, LSU will not challenge, disrupt, or seek to cancel or postpone the meeting"; and indeed, no such interference occurred, and the meeting proceeded as

scheduled. *E.g.*, *LSU tells SEC that Tigers have complied, won't disrupt meeting*, ESPN (Sept. 9, 2026), espn.com/college-football/story/_/id/49883607/lsu-tells-sec-tigers-complied-disrupt-meeting.

Defendants make another commitment to this Court, this time regarding the scheduled December 3 meeting: LSU will not seek to cancel or postpone the meeting. Accordingly, Defendants respectfully submit that there is no need for the Court to take emergency action.

2. Much of the SEC's motion is premised on a basketball player's state-court action that LSU did not file and thus cannot dismiss. In addition, as the Court may be aware, the LSU president has ordered that the player not be permitted to compete, ECF 41-1 at 14, and, in fact, the player is no longer rostered on the LSU men's basketball team. Accordingly, there is no basis for any implication that the SEC faces imminent harm regarding that specific matter.

3. If the Court nonetheless were inclined to reach the merits of the motion, it should deny the motion because (a) the Court lacks Article III jurisdiction, (b) the Court at least lacks personal jurisdiction over the Louisiana Attorney General and every LSU Board Defendant, and (c) the SEC has no likelihood of success on the merits of its putative First Amendment claim and thus likewise faces no threat of irreparable harm.

*a. Article III Jurisdiction.* The absence of Article III jurisdiction alone is enough to deny the motion. *See, e.g.*, *Johnson v. Housing Auth. Birmingham Dist.*, 2018 WL 619845, at *6 (N.D. Ala. Jan. 30, 2018) (dismissing claims "for lack of jurisdiction" and denying a request for a preliminary injunction and temporary restraining order "as moot"). Because the Court is familiar with Defendants' Article III arguments from the pending motion to dismiss as well as the renewed motion filed today, Defendants focus here on the cleanest jurisdictional basis to resolve the case: sovereign immunity.

The SEC relies exclusively on the *Ex parte Young* exception to sovereign immunity. But, as Defendants have previously explained, the Eleventh Circuit's decision in *Lavina v. Fla. Prepaid College Bd.*, 174 F.4th 49 (11th Cir. 2026), and the cases cited therein, foreclose the SEC's invocation of *Ex parte Young*. And the SEC's pending motion accentuates that problem.

"[T]he Supreme Court has explained that *Ex parte Young* does not permit 'actions against state officers for specific performance of a contract to which the State was a party.'" *Id.* at 53 (citing *Edelman v. Jordan*, 415 U.S. 651, 666–67 (1974)). "Consistent with [the Supreme Court's] precedents," the Eleventh Circuit has "likewise held that '*Ex parte Young* does not permit individual officers of a sovereign to be sued when the relief requested would, in effect, require the sovereign's specific performance of a contract.'" *Id.* Thus, where the requested relief

"amounts to 'specific performance of a contract to which the State was a party'" and "would necessarily require the state ... to perform its obligations under the contract," "*Ex parte Young* does not permit that relief." *Id.*

That is precisely the case here. The SEC demands emergency relief, citing "Defendants' brazen violation of the Professionalism Rules" and "their disregard and derogation of the Institutional Control Rules." ECF 41-1 at 3; *see, e.g.*, *id.* at 14 (citing an alleged "lack of institutional control over the athletics program at LSU that is required by the SEC Constitution and Bylaws"); *id.* at 26–27 (citing the alleged "lack of institutional control over LSU's athletics program that is required by Article 6 of the SEC Constitution and by the remaining provisions of the Constitution and Bylaws referenced above"). In particular, the SEC seeks relief that (in the SEC's view) would establish the proper bounds of what LSU may and may not do as a member of the SEC—based on the SEC's characterizations of what LSU may and may not do under the SEC's Constitution, Bylaws, and various rules.

By definition, therefore, this suit seeks, "in effect," to compel "specific performance" of LSU's "obligations under the [SEC's Constitution, Bylaws, and rules]," and "*Ex parte Young* does not permit that relief." *Lavina*, 174 F.4th at 53. The Court should deny the motion based on this simple jurisdictional basis alone.

*b. Personal Jurisdiction.* The Court also should deny the motion because, as Defendants have explained at length in their motions to dismiss, the Court at least

lacks personal jurisdiction over the Louisiana Attorney General and the LSU Board Defendants.[1] *See, e.g.*, *Morris-Shea Bridge Co., Inc. v. Zuleger*, 2022 WL 21813329, at *2 (N.D. Ala. Feb. 9, 2022) (recognizing that at least some "case law in the Eleventh Circuit suggests that the court may not have authority to grant a TRO where personal jurisdiction is in question" (citing cases)).

As to the Attorney General, the SEC's pending motion says virtually nothing about her. For good reason: She is a named Defendant only because she filed an amicus brief in Louisiana state court on Louisiana law (the SEC disagreed with that brief) and called this lawsuit "legal garbage." ECF 29 at 16–17. The only basis for asserting personal jurisdiction over the Attorney General is to endorse the SEC's position that the Louisiana Attorney General thereby "committed an intentional tort" by doing so. *Id.* at 17. That is not a viable position. The parties have fully briefed this issue, and the SEC has cited no case asserting personal jurisdiction over a non-forum state's attorney general on this basis. The Court should deny any preliminary relief against the Attorney General and also dismiss her.

As to the LSU Board Defendants sued in their official capacities, for all the parties' disagreement on this issue, they agree on one thing: The SEC does not cite

[1] The Court lacks personal jurisdiction over the other Defendants as well for the reasons Defendants have expressed in their motions to dismiss. For present purposes, Defendants simply emphasize the clearest paths to denying the pending motion for preliminary relief.

any evidence that any Board Defendant himself or herself has a contact with Alabama. This Court accordingly lacks jurisdiction over them.

Among cases supporting that proposition, Defendants respectfully emphasize one the SEC brought to this Court's attention: *Gingras v. Rosette*, 2016 WL 2932163 (D. Vt. May 18, 2026) (cited at ECF 33 at 4). In that official-capacity case, the court asked whether the analysis requires "contacts between [the state] and the individuals," or whether the officials could be sued wherever their state or agency can be found. *Id.* at *8–10. The court said the former in the context of a tribal entity: The tribal entity's "contacts with Vermont are not vicariously attributed to its officials any more than directors of a corporation are subject to suit personally in any forum where the actions of the corporation satisfy the minimum contacts test." *Id.* at *9. Accordingly, "the absence of contacts between Vermont and the [individuals sued in their official capacities] means that these Defendants would not be subject to suit in a Vermont state court of general jurisdiction." *Id.* at *9.

That reasoning is sound and forecloses the exercise of personal jurisdiction over the LSU Board Defendants, thereby also foreclosing any preliminary relief against them.

*c. Preliminary Relief Factors.* In all events, the SEC is not entitled to emergency relief because it has identified no likelihood of success on the merits of its putative First Amendment claim and faces no irreparable harm.

The motion brings this problem to the surface. Its premise is that, absent emergency relief, Defendants would somehow violate the First Amendment by "forc[ing]" the SEC to associate with LSU. ECF 41-1 at 4, 14. There are many legal problems with that argument, each extensively briefed in Defendants' pending motions to dismiss. But the core factual problem merits emphasis here: To this day, the SEC has never identified how Defendants stand to force the SEC to maintain LSU as a member in a way that establishes a constitutional violation. (That is perhaps clearest as to the Louisiana Attorney General, whose sole alleged sin is filing an amicus brief and criticizing the filing of this suit.) Instead, the SEC relies on vague complaints about how it "cannot be forced to associate with LSU" (*e.g.*, ECF 41-1 at 14)—but Defendants have never claimed otherwise or attempted otherwise. Defendants may disagree with the SEC's reasons for targeting LSU and with whether the SEC itself has complied with governing internal policies and procedures. But those are not federal (much less constitutional) questions, and Defendants have never claimed the right to "force" the SEC's association with LSU. Again, the parties already have been down this road with the September meeting which came and went without a hitch.

The SEC's silence resolves both the likelihood of success on the merits and irreparable harm factors. Although the First Amendment theory does not work for many reasons, it concededly does not work when, in fact, no "group is forced to

accept certain members whose conduct is antithetical to the group's viewpoint." ECF 41-1 at 34. That means both that the SEC is unlikely to succeed on this claim and also that it faces no irreparable harm absent emergency relief. *Contra* ECF 41-1 at 39 (claiming irreparable harm from imminent constitutional violation).

4. The SEC's motion appears to reveal an additional reason why the Court should both dismiss this suit and deny preliminary relief. Specifically, the SEC demands that the Court enjoin Defendants from suing the SEC anywhere "except [as a] challenge or counterclaim brought solely in this action." ECF 41-1 at 43; *accord id.* at 5, 28. But, if the SEC were to expel LSU from the Conference, that would trigger extensive proceedings that almost certainly would culminate in legal filings. The SEC thus appears to be attempting to use this case as a vehicle to lock in its preferred venue for any future court proceedings that might be filed by LSU—even though this Court lacks jurisdiction over the SEC's affirmative suit, and even though it is difficult to imagine that a federal court would have subject matter jurisdiction over a (future) internal conference dispute.

If that is the SEC's objective, then respectfully, it is improper. The Eleventh Circuit has addressed the topic of "improper" "procedural fencing." *See, e.g.*, *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1287 (11th Cir. 2021) (citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005)); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) ("[T]he

Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse." (quotation marks omitted)). Because the SEC seeks to channel any future legal proceedings into this docket, that is an independent basis for declining to issue the requested preliminary relief (and for declining to "exercis[e] jurisdiction," *Nat'l Tr. Ins. Co.*, 12 F.4th at 1287).

5. Finally, although no preliminary relief is warranted, if the Court were inclined to grant some form of preliminary relief, a sufficient bond is necessary given the significant monetary stakes involved. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). As explained in the attached sworn declaration, preliminary relief would place a significant amount of money in jeopardy. *See* Declaration of Matthew Laborde, Chief Financial Officer for LSU's Athletic Department.

* * *

For these reasons—and others briefed in Defendants' motions to dismiss—the Court should deny the motion for preliminary relief and dismiss this case.

Dated: November 25, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

/s/ Zachary Faircloth
ZACHARY FAIRCLOTH (LA 39875)*
Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 421-4088
Facsimile: (225) 326-6795
FairclothZ@ag.louisiana.gov

Taylor, Porter, Brooks & Phillips L.L.P.
Robert W. Barton, Louisiana Bar #22936*
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: bob.barton@taylorporter.com

Bruce F. Rogers
BAINBRIDGE MIMS ROGERS & SMITH, LLP
600 Luckie Drive
Suite 415
Birmingham, Alabama 35223
Telephone 205-879-1100
Facsimile 205-879-4300
Email: brogers@bainbridgemims.com

*Counsel for Defendants*

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 25th day of November, 2026.

*/s/ Zachary Faircloth*
Zachary Faircloth